

**U.S. Department of Justice**
Civil Division
950 Pennsylvania Ave. NW
Washington, DC 20530

_____

Tel: (202) 514-6993

March 11, 2026

**Via CM/ECF**

Clifton Cislak, Clerk
U.S. Court of Appeals for the D.C. Circuit
E. Barrett Prettyman U.S. Courthouse
333 Constitution Ave., NW
Washington, DC 20001

      RE:   *Appalachian Voices v. EPA*, No. 25-5333

Dear Mr. Cislak:

      Plaintiffs misapprehend statements made during oral argument in *Climate United Fund v. Citibank, N.A.*, No. 25-5122. *See* Pls.' Ex. 1 (Tr.).

      First, there is no inconsistency between defendants' brief and counsel's statement in *Climate United* that terminated grant funds are generally "available for closeout purposes" and not "technically deobligated until closeout is done." Tr. at 80:9-14. The cited exchange addressed the mechanics of the closeout process, not the meaning of "unobligated balance" in federal appropriations law. As defendants here explained, federal appropriations law defines "obligation" as "a legally binding agreement that will result in outlays, immediately or in the future." Defs.' Br. 14 (quoting OMB Circular No. A-11, § 20.5 at 20 (2024)). Once EPA terminated plaintiffs' agreements, the only remaining obligations were for allowable pre-termination costs and closeout expenses. Beyond those limited amounts, EPA had no

continuing legal obligation to fund the terminated grants.[1]  In that respect, the balance of plaintiffs' terminated awards became "unobligated balances" within the meaning of H.R.1.  Because Congress rescinded those funds, this case is moot.

Second, plaintiffs misunderstand counsel's responses concerning district-court review of hypothetical agency action.  Those exchanges addressed a hypothetical in which an agency adopted a policy of refusing to carry out a mandatory appropriation because it disagreed with Congress's command.  Counsel did not concede that a cause of action is generally available in district court whenever a plaintiff alleges an agency has "dismantle[d]" a grant program, much less that such a claim exists on the facts alleged here.  *See* Tr. at 59:14-25.  Nor did counsel suggest the existence of a separation-of-powers claim "turns on" whether a statute requires the government to fund the program.  Counsel's one-word response acknowledged only that the statutory question discussed by the Court bore on the remedy issue the Court had just raised.  *See* Tr. at 18:9-22.

As in *Climate United*, the grant termination dispute before the Court belongs, if anywhere, in the Court of Federal Claims.

Sincerely,

*/s/ John Bailey*
John Bailey
Counsel

cc:    All counsel (via CM/ECF)

---

[1] While amounts may remain over-recorded in EPA's accounts pending closeout, the quantum of funds that remain legally obligated is the amount necessary to reimburse allowable pre-termination and closeout costs.

## CERTIFICATE OF COMPLIANCE

This response complies with the type-volume limit of Federal Rule of Appellate Procedure 28(j) because the body of the letter contains 349 words.

/s/ *John Bailey*
JOHN BAILEY

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2026, I electronically filed the foregoing with the Clerk of the United States Court of Appeals for the D.C. Circuit by using the appellate CM/ECF system. Service will be accomplished by the appellate CM/ECF system.

/s/ *John Bailey*
JOHN BAILEY