# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

—

**No. 25-5333**                    **September Term, 2025**

FILED ON: JULY 21, 2026

APPALACHIAN VOICES, ET AL.,

APPELLANTS

v.

ENVIRONMENTAL PROTECTION AGENCY AND LEE M. ZELDIN, IN HIS OFFICIAL CAPACITY AS ADMINISTRATOR OF THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,

APPELLEES

—

Appeal from the United States District Court
for the District of Columbia
(No. 1:25-cv-01982)

—

Before: SRINIVASAN, *Chief Judge*, RAO and WALKER, *Circuit Judges*.

### **J U D G M E N T**

This case was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral argument of the parties. The court has afforded the issues full consideration and has determined they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). For the following reasons, it is

**ORDERED** and **ADJUDGED** that the order of the district court be **VACATED** and the case be **REMANDED** to the district court.

\*     \*     \*

Recipients of grants awarded under section 138 of the Clean Air Act filed this lawsuit challenging the termination of their grants by the Environmental Protection Agency. While the suit was pending, Congress rescinded all "unobligated balances of amounts made available to carry out section 138." Pub. L. No. 119-21, § 60016, 139 Stat. 72, 156 (July 4, 2025). The district court declined to decide whether this rescission mooted the case and instead dismissed the grantees' constitutional claims because there was no cause of action under *Dalton v. Specter*, 511 U.S. 462 (1994). Because the jurisdictional question of mootness must precede any merits determination, we vacate the dismissal order and remand for the district court to determine whether this case is moot.

1

I.

In 2022, Congress added section 138 to the Clean Air Act, authorizing EPA to award approximately $3 billion in climate related grants "that benefit disadvantaged communities." Inflation Reduction Act of 2022, Pub. L. No. 117-169, § 60201, 136 Stat. 1818, 2078–79 (codified at 42 U.S.C. § 7438(a)–(b)). EPA awarded hundreds of grants under section 138. Shortly after President Trump took office, he ordered EPA to freeze and review all grants awarded under the Inflation Reduction Act. EPA issued termination letters for all section 138 grants.

Several grantees responded by filing this putative class action in district court. The grantees asserted claims under the Administrative Procedure Act ("APA") and the Constitution and sought an injunction ordering reissuance of the grants. Soon after, Congress "rescinded" the "unobligated balances of amounts made available to carry out section 138 of the Clean Air Act." § 60016, 139 Stat. at 156.

EPA then moved to dismiss the grantees' lawsuit. EPA argued the grantees' APA claims were essentially breach of contract claims, over which the Court of Federal Claims has exclusive jurisdiction under the Tucker Act. *See* 28 U.S.C. § 1491(a)(1); *Maryland Dep't of Hum. Res. v. Dep't of Health & Hum. Servs.*, 763 F.2d 1441, 1448–49 (D.C. Cir. 1985) (explaining the Tucker Act precludes district court jurisdiction over contractual claims under the APA). As for the grantees' constitutional claims, EPA argued there was no cause of action under *Dalton* because "claims simply alleging that [an officer] has exceeded his statutory authority are not 'constitutional' claims." 511 U.S. at 473. EPA also maintained that the rescission statute mooted the case because all grant funds had reverted to the Treasury and therefore no court could grant meaningful relief to the grantees.

The district court granted EPA's motion to dismiss. *Appalachian Voices v. EPA*, No. 25-cv-01982, 2025 WL 2494905, at *1, *9 (D.D.C. Aug. 29, 2025). The court expressly declined to decide whether the rescission statute mooted the case. *Id.* at *3–4. Instead, the court dismissed the grantees' APA claims for lack of jurisdiction under the Tucker Act and dismissed the constitutional claims because there was no cause of action under *Dalton*. *Id.* at *4–9. The grantees appealed.

II.

We vacate the district court's dismissal order. The court erred by reaching the merits of the grantees' constitutional claims before resolving mootness, a jurisdictional issue. A determination of mootness need not precede the jurisdictional question of whether the APA claims belong in the Court of Federal Claims under the Tucker Act. Nonetheless, because on remand the district court's mootness decision may obviate the need to reach the Tucker Act question, we vacate the dismissal order in full.

A.

Federal courts generally lack authority to resolve merits issues without first determining that they have subject matter jurisdiction. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). "Mootness is a jurisdictional question," which derives from Article III's requirement that the "exercise of judicial power depends upon the existence of a case or controversy." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (per curiam) (cleaned up). In contrast, it is "firmly established" that the "absence of a valid … cause of action does not implicate subject-matter jurisdiction" but rather is a "merits issue" that a court may reach only after confirming its

jurisdiction. *Steel Co.*, 523 U.S. at 89, 93–94. The district court thus erred by resolving the merits of the grantees' constitutional claims without first assessing whether it retained jurisdiction over those claims after Congress rescinded unobligated balances under section 138.

This sequencing error warrants vacating the dismissal of the grantees' constitutional claims. *See id.* at 110. Although we could decide the question of mootness in the first instance, we remand for the district court to do so. *See, e.g., Tyus v. Martinez*, 475 U.S. 1138, 1138 (1986) (taking this approach). Because the parties' briefing on mootness has been limited and the issue might implicate unresolved questions of fact, we remand "to allow full development and presentation" of the mootness issue in the district court. *Women's Equity Action League v. Bell*, 743 F.2d 42, 44 (D.C. Cir. 1984) (per curiam); *cf. LaRoque v. Holder*, 650 F.3d 777, 780, 795–96 (D.C. Cir. 2011) (vacating a dismissal order and remanding for the district court to consider standing in the first instance).

B.

In light of our remand to determine mootness, we also vacate dismissal of the APA claims under the Tucker Act but express no opinion on the substance of that jurisdictional holding.

Whether APA claims are precluded by the Tucker Act is a jurisdictional issue that, like mootness, must be decided before reaching the merits. *Rochon v. Gonzales*, 438 F.3d 1211, 1214 (D.C. Cir. 2006). Federal courts may decide jurisdictional issues in any order. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007). Accordingly, the district court did not commit a sequencing error when it determined there was no jurisdiction over the APA claims before deciding mootness.

Nonetheless, we vacate the entire dismissal order. Even in the absence of error, we may vacate a lower court order and remand for further proceedings if doing so is "just under the circumstances." 28 U.S.C. § 2106; *see Azar v. Garza*, 138 S. Ct. 1790, 1792 (2018) (per curiam) (explaining the "decision whether to vacate" a district court's judgment "is rooted in equity" and "turns on the conditions and circumstances of the particular case") (cleaned up). The circumstances here favor vacating the entire dismissal order. On remand, the district court must assess whether the rescission statute mooted the grantees' claims. Only if there is jurisdiction may the district court adjudicate EPA's motion to dismiss the constitutional claims. And because a decision on mootness could render review of the Tucker Act issue unnecessary, it is appropriate to leave that issue for another day.[1]

\*       \*       \*

For these reasons, we vacate the order of the district court and remand the case for further proceedings. Pursuant to D.C. Circuit Rule 36(d), this disposition will not be published. The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41(a)(1).

---

[1] We take no view on the district court's resolution of the Tucker Act issue or what disposition is ultimately appropriate for the grantees' APA or constitutional claims.

**<u>Per Curiam</u>**

**FOR THE COURT:**
Clifton B. Cislak, Clerk

BY:    /s/
Daniel J. Reidy
Deputy Clerk